# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## SPENCER V. JONES.

### July 19th, 1888.

1. CHANCERY PRACTICE—*Injunction—Dissolution.*—Motion to dissolve in-
   junction heard on bill and exhibits, and an answer denying all its alle-
   gations without proof thereof,.is properly sustained.
2. IDEM—*Amended Bill— New case — Reinstatement.* — In such cause
   amended bill is filed making *a new case* and praying for reinstatement
   of the injunction which had been dissolved. Demurrer overruled, and
   reinstatement of injunction denied ; but no decision on the merits of
   the case ;

HELD:

  No error in refusal to reinstate injunction ; but appeal must be dis-
  missed and cause remanded for further proceedings.

Appeal from decree of circuit court of Carroll county, ren-
dered October 17th, 1885, dissolving an injunction awarded by
county judge of said county in vacation, upon a bill in chan-
cery, wherein Mary Ann Spencer, by her next friend, was plain-
tiff, and J. D. Jones and others were defendants. Opinion
states the case.

*J. L. Tompkins,* and *D. W. Bolen,* for the appellant.

*J. W. Hachler,* and *Wm. H. Bolling,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The plaintiff in error, Mary Ann Spencer, was a married wo-
man, and owned in her own right, in fee, separate from her

husband, Leroy Spencer, a tract of land in Carroll county. On the 5th day of April, 1884, said Leroy Spencer, Mary Ann Spencer, and four others, executed their joint note under seal, whereby they jointly promised to pay to James D. Jones (the defendant in error) $319, on a consideration named in the note, on the 1st day of July, 1885, with interest from date of the note—April 5th, 1884,—till paid, with waiver of homestead exemption. From the complainant's bill, it appears that she intended to bind her separate estate by this note.

On the same day—April 5th, 1884,—said Leroy Spencer and Mary Ann Spencer signed and sealed their deed, of that date, granting to R. M. Brown, trustee, one hundred acres of this land of said Mary Ann Spencer, in trust to secure the payment to the said J. D. Jones of the said $319 and interest, evidenced by the said single bill; to indemnify W. H. Sutherlin, as security for said Leroy and Mary Ann Spencer in their three notes to R. M. Brown, commissioner, amounting, of principal, to $81.03 ; and to secure payment to the administrators of Joseph H. Tipton of a judgment against said Leroy and Mary Ann Spencer for $50, with interest and costs. This deed of trust was acknowledged by said Leroy Spencer and Mary Ann Spencer on the 8th of April, 1884, before Walter S. Tipton, a notary public, whose certificate of such acknowledgment is in due form as to both the said grantors, and is made upon the said deed, which said deed, on said certificate, was delivered to the clerk, and by him admitted to record in the clerk's office of the county court of Carroll county on the day of its date, April 8th, 1884.

On the 11th day of August, 1885, said Mary Ann Spencer made oath to an original bill, addressed to the judge of the circuit court of Carroll county, in which she, by John D. Spencer, her son and next friend, is complainant, and James D. Jones and R. M. Brown, trustee, are defendants; which said bill, with the said deed of April 5th, 1884, as an exhibit, she presented to the judge of the county court of Carroll county for an injunction, which said injunction was granted; and the said bill, with

the injunction order endorsed thereon, restraining R. M. Brown, trustee, from selling the one hundred acres under the deed of trust, was filed in the clerk's office of the circuit court of Carroll county on the 13th August, 1885. In this original bill, the plaintiff in error avers that the one hundred acres is part of her separate estate; admits executing and acknowledging the deed of trust of April 5th, 1884; and an indebtedness to J. D. Jones. But she charges that she was to pay, or be responsible for, only one-half of the $319, the sum secured, and that this half was all that she intended to secure, and all she thought she was securing by the deed of trust. That she did not willingly execute the said deed of trust, but was forced to do so by her husband, who was not absent more than a minute when her acknowledgment was taken by the notary; that the said deed was not read to her, and was not explained to her. The bill prays that the trustee, Brown, be restrained from selling under it, that the court will hear her proofs, and will set aside and annul the said deed of trust of April 5th, 1884, as fraudulent and void. At the October term, 1885, of the said circuit court of Carroll county, the defendant, Jones, demurred to the bill and answered the bill, and filed with his answer the said note, under seal, of Leroy Spencer, Mary Ann Spencer, and others, for the $319 named in the deed of trust which secured it. In his answer he denied squarely, and *seriatim*, each and all the allegations of the bill.

There was no proof whatever taken or offered to sustain the allegations of the bill, and on a motion to dissolve on the 17th of October, 1885, the circuit court of Carroll county, with only the bill and answer and exhibits before it, dissolved the injunction, but *made no other order*. The plaintiff in error then and thereupon filed her amended bill, to which J. D. Jones, R. M. Brown, trustee, and W. H. Sutherlin, W. H. Sutherlin and Joseph S. Tipton, administrators of James S. Tipton, deceased, are made defendants. In this amended bill, in addition to the charges and allegations of the original bill, she adds, by way

of amendment, that debts, other than the debt to J. D. Jones, are embraced in the deed of trust, viz: those in which Sutherlin is security for $81.03, and a debt to the estate of James S. Tipton, deceased, for $50, with interest and costs. That Walter S. Tipton, the notary public who took and certified the acknowledgment of the grantors in the deed of trust, was, when he did so, a son and distributee of James S. Tipton, deceased, who died intestate, and that the said notary was, therefore, interested in the debt for $50, etc., secured by the deed of trust to James S. Tipton's estate, and hence was disqualified to take said acknowledgment, which was, accordingly, both the acknowledgment and the certificate, a nullity. That the said deed of trust was therefore wholly unacknowledged, and its recordation unauthorized by law and void; and the deed itself, for want of acknowledgment, was null and void as to her. That no account of liens had been had or ordered. The prayer of the said amended bill is that the injunction be *reinstated* and the trustee restrained from selling under the deed of trust; that the deed of trust be set aside as null and void, and for general relief.

The defendants appeared and *demurred* to this amended bill, and the complainants joined therein, on consideration whereof the court overruled the said demurrer and so sustained the bill, but refused to reinstate the injunction and *made no other order* affecting the cause; but, upon the motion of complainants (plaintiffs in error here), suspended further proceedings for sixty days, to allow them time to apply for an appeal.

From this action of the circuit court this appeal has been taken, and the errors assigned in the petition are the *dissolving of the injunction* and the *refusal to reinstate it.*

The circuit court never heard the parties, nor was asked to hear them, on the question of the validity of the acknowledgment and recordation of the deed of trust; nor on the amount or priorities of liens; nor to order any account. It was only asked to maintain or dissolve the injunction, and to reinstate it when dissolved; and, from its order dissolving the injunction

and its refusal to reinstate the injunction, this appeal has been asked and obtained. The cause is still retained by the circuit court for further proceedings, upon the case made by the pleadings, on the result of this appeal.

The circuit court did not err in dissolving the injunction. Upon the pleadings and in the absence of proof, or the attempt to prove the allegations of the original bill, the court could have done nothing but enter the order to dissolve the injunction.

Nor did the court err in refusing to *reinstate* the injunction, which had been properly dissolved. This appeal must, therefore, be dismissed, and the circuit court affirmed, and the cause remanded for further proceedings.

LACY, J., dissented.

APPEAL DISMISSED AND CAUSE REMANDED.